UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CIVIL ACTION NO. 1:04-CV-77**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**

**MICHAEL P. STEVENS, et al.**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Motion by the Plaintiff, the United States of America, seeking partial summary judgment in this matter and requesting oral argument. [DN 54, 71]. Defendant Judith E. Bailey seeks the dismissal of the unjust enrichment claims against her. [DN 59]. Fully briefed, these matters are ripe for decision.

**I. Facts**

Michael P. Stevens is a medical doctor who formerly practiced at Logan Pain Management Center in Russellville, Kentucky. Dr. Stevens is an anesthesiologist who focused his practice on pain management. Dr. Stevens's wife, Jody Stevens, served as the clinic manager of Dr. Stevens's pain management clinic. In his role as treating physician at the clinic, Dr. Stevens became a participating provider in the Government's Medicare, Tricare, and Medicaid programs. His approval as a participating provider allowed him to submit claims for reimbursement to those federally-funded programs.

Around 1997, Dr. Stevens began to treat his patients with a device called a Matrix machine. The Matrix machine has suction cups which are attached to a patient's body, and low levels of electrical current are then sent into the suction cups. The electrical stimulation is intended to relieve inflammation and muscle tension, thereby relieving pain.

When Dr. Stevens began using the Matrix machine, all of his claims for governmental reimbursement of the treatment were denied. This continued for several months. Eventually, Dr. Stevens's father-in-law, Edward Bailey, who had no history or experience in medical billing, came to work at the clinic in an attempt to remedy the billing problems and reimbursement denials. After he began employment at the clinic, Mr. Bailey met with an employee of either Medicare or AdminaStar, the organization that administers Medicare provider contracts, and received guidance in billing matters. From then onward, Mr. Bailey used five different Current Procedural Terminology (CPT) billing codes on claims for governmental reimbursement of Matrix treatments.

Dr. Stevens did not review the governmental reimbursement claims that Mr. Bailey submitted, nor was he was he aware of what CPT codes Mr. Bailey was using. Shortly after Mr. Bailey began completing the reimbursement claims, claims for Matrix services began being paid.

From the summer of 1997 to the fall of 1998, Mr. Bailey worked as Dr. Stevens's billing manager in his individual capacity. In November, 1998, Mr. Bailey and his wife, Defendant Judith Bailey, formed a corporation called Judith E. Bailey, Inc. Mrs. Bailey was the only director of the corporation, and the corporation existed to allow Mr. Bailey to act

2

as an agent of the corporation, rather than as an individual, in his role as the billing manager at the clinic. From late 1998 through 2003, Judith E. Bailey, Inc., was paid more than $500,000 for Mr. Bailey's billing services. Mrs. Bailey had no medical billing experience and did not oversee the work of Mr. Bailey, but Mrs. Bailey acknowledged that she personally benefitted from the money paid to her corporation.

Beginning in 2002, the Kentucky Board of Medical Licensure investigated Dr. Stevens. A consultant in the investigation noted that Dr. Stevens routinely billed the same five CPT codes on all visits; and that one of the codes, 95937, was for a neuromuscular junction test that was likely never performed. Based on that report and the Board of Medical Licensure's conclusion that Dr. Stevens engaged in "dishonorable, unethical, or unprofessional conduct," Dr. Stevens voluntarily surrendered his medical license in January, 2007.

In 2004, the United States filed the instant civil suit against Defendants Michael P. Stevens, M.D.; Jody K. Stevens; Logan Pain Management, Inc.; Edward Bailey; and Judith E. Bailey d/b/a/ Judith E. Bailey, Inc. A criminal case was also brought against Dr. Stevens, Jody Stevens, and Mr. Bailey. Jody Stevens and Mr. Bailey pleaded guilty to committing healthcare fraud and conspiring to defraud healthcare benefit programs in connection with the false or fraudulent claims submitted for CPT code 95937 involving the Matrix machine. Dr. Stevens did not plead guilty, but instead entered a Pretrial Diversion Agreement. Dr. Stevens maintained his innocence, but acknowledged that Jody Stevens and Mr. Bailey had conspired to submit fraudulent reimbursement claims. Dr. Stevens also acknowledged that

his clinic did not complete neuromuscular junction testing, the procedure for which CPT Code 95937 is intended.

## II. Legal Standard

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

**III. Discussion**

The United States alleges that the Defendants are liable to the Government under the False Claims Act (FCA). The FCA is "designed to protect the Federal treasury." U.S. ex rel. Pogue v. Am. Healthcorp., Inc., 914 F.Supp. 1507, 1512 (M.D. Tenn. 1996). The FCA imposes liability upon a person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a)(1)-(3).

A person may be liable under the FCA when he knowingly presents or causes the presentation of a false of fraudulent claim directly to the Government (as required by § 3729(a)(1)), or alternatively, when he knowingly makes or uses a false record or statement or conspires to defraud the government (as set forth in § 3729(a)(2) or (3)).

When more than one person committed a violation of the FCA, the perpetrators are jointly and severally liable for the damages and penalties. See, e.g., United States v. Entin, 750 F.Supp. 512 (S.D. Fla. 1990); United States v. Board of Educ., 697 F.Supp. 167 (D. N.J. 1988).

**A. What is a claim?**

Under the FCA, a claim is:

> . . . any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(c).

The Medicare and Medicaid programs to which Dr. Stevens's reimbursement claims were submitted were claims for reimbursement from the federal government.

### B. The required intent

The FCA states that the terms "knowing" and "knowingly" mean that a person, with respect to information:

> 1) has actual knowledge of the information;
> (2) acts in deliberate ignorance of the truth or falsity of the information; or
> (3) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. § 3729(b).

The D.C. Circuit found that in the healthcare setting, a physician demonstrates "reckless disregard" when he fails to take reasonable steps to ensure that his clinic's claims for governmental reimbursement are accurate. U.S. v. Krizek, 111 F.3d 934, 942 (D.C. Cir. 1997). The Krizek Court concluded that reckless disregard in the FCA context was largely an extension of gross negligence, as was suggested in legislative history for the FCA. Id.

The Government alleges that Dr. Stevens did not properly oversee the billing for his Matrix services, and submits that Dr. Stevens acted with reckless disregard of the truth or falsity of the information in his billings. Dr. Stevens submits that he had a good faith belief

that his reimbursement requests were properly submitted. In support of this notion, Dr. Stevens notes that it was after Mr. Bailey met with an employee of AdminaStar, Jennifer Tincher, that the reimbursement requests began to be paid. It was Dr. Stevens's understanding that AdminaStar had approved the use of CPT Code 95937. Dr. Stevens believed that Mr. Bailey was using the CPT codes as directed by Tincher, and therefore submits that he reasonably relied on the reports from Mr. Bailey that billing and reimbursement were handled properly.

### C. Were claims false?

First, the Court must decide if there are facts in dispute relating to whether the claims were false. The government insists that the use of the CPT Code 95937 is clearly false since it is admitted that no neuromuscular junction test was performed by Dr. Stevens and the Matrix machine is incapable of performing one. However, there are no CPT codes listed in the AMA manual which specifically cover billing for equipment such as the Matrix machine used by Dr. Stevens and LPMC. Thus, providers are required to figure out the most analogous codes to use. Presumably then, Dr. Stevens is suggesting that CPT Code 95937 is a proper analogous code to use for the services performed by him with the Matrix machine. However, Dr. Stevens has not presented any evidence to support a finding that this code is truly an analogous code to use for the services he was providing. In fact, Dr. Stevens concedes that is not a code which he believes is appropriate for any service he performed.

Dr. Stevens's argument that the neuromuscular function test code was not a false claim rests entirely on his assertion that AdminaStar allegedly told Mr. Bailey it was proper

to bill the Matrix machine in that fashion. However, Dr. Stevens has no first hand knowledge of what AdminaStar told Mr. Bailey. Dr. Stevens admittedly paid no attention to how the Matrix Machine was being billed and did not direct Mr. Bailey as to the billing of this code All he knows is that the claims were paid once Mr. Bailey got involved. He relied exclusively on Mr. Bailey to submit the proper claims. The suggestion here that the claims were not false because AdminaStar told Mr. Bailey to bill this code is not sustainable in light of Mr. Bailey's admission that he knowingly and intentionally submitted false claims using the neuromuscular function test code. Additionally, Dr. Stevens admits he did not perform a neuromuscular function test using the Matrix machine.

Therefore, the Court concludes that there are no issues of fact related to whether the claims submitted using CPT Code 95937 were false. There is no evidence from which a reasonable jury could conclude that using CPT Code 95937 was appropriate under the circumstances.

### D. Dr. Stevens's Knowledge

Next, the Court must decide if there are triable issues related to Dr. Stevens's knowledge of the false claims. As noted above, knowledge can be shown in a number of ways. Acting in deliberate ignorance or reckless disregard of the truth or falsity of the information is sufficient to prove knowledge. No proof of specific intent to defraud is required.

The government has not attempted to prove actual knowledge. Instead, the government claims Dr. Stevens was deliberately ignorant of the truth by sticking his head in

8

the sand or at the very least, that he acted in reckless disregard for the truth by never reviewing the billings done by Mr. Bailey. The D.C. Circuit found that in the healthcare setting, a physician demonstrates "reckless disregard" when he fails to take reasonable steps to ensure that his clinic's claims for governmental reimbursement are accurate. U.S. v. Krizek, 111 F.3d 934, 942 (D.C. Cir. 1997).

Summary judgment is often improper when matters of intent are involved. See, e.g. Kand Medical, Inc. v. Freund Medical Products, Inc., 963 F.2d 125, 127 (6th Cir. 1992); Canderm Pharmacal, Inc. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). However, the Sixth Circuit has upheld summary judgment in False Claims Act cases. United States, ex rel. Compton v. Midwest Specialties, Inc., et al., 142 F3d 296 (6th Cir. 1998).

Under the Medicare and Medicaid Provider Agreements, Dr. Stevens agreed, and incurred a duty to become familiar with and to abide by the laws, rules, regulations, policies and procedures governing reimbursement. Although Dr. Stevens argues that he is not required to prepare the billings for his clinic, he is required to take reasonable steps to ensure that his clinic's claims for reimbursement are accurate. Failure to do so demonstrates "reckless disregard." Krizek at 942. Dr. Stevens admits he never reviewed any of the claims which Mr. Bailey prepared and submitted for reimbursement. It is undisputed that he did not know which CPT Codes Mr. Bailey was using to bill for Matrix machine treatments and that he never asked which codes were being used. There is no dispute that Dr. Stevens completely delegated all billing activities to Mr. Bailey.

The undisputed evidence shows that Dr. Stevens utterly failed to take any reasonable

steps to ensure his billings were correct. He gave total and complete control of his billing to a person with absolutely no prior experience with medical billing. He did not know what codes were being billed for his services nor did he ever ask. He took no other steps whatsoever to make sure that Mr. Bailey was billing properly. There is not a shred of evidence to suggest that Dr. Stevens did anything to make sure his billings were correct. He simply assumed the claims were correct because they were being paid.

The record evidence clearly shows that Dr. Stevens acted, at the very least, with reckless disregard as to the truth or falsity of the claims being submitted for reimbursement. Therefore, summary judgment in favor of the United States against Dr. Stevens and Logan Pain Management Clinic is appropriate.

### C. Jody Stevens and Edward Bailey

Jody Stevens and Edward Bailey each pleaded guilty to submitting the false or fraudulent CPT Code 95937 reimbursement claims. The Government contends that this establishes Ms. Stevens's and Mr. Bailey's liability in this FCA suit. Each acknowledged that the false claims damaged Medicare and Medicaid. [DN 54, Ex. 7]. The aggregate total of loss admitted was $342,808. The Government alleges that of that total, $287,923 was damage to Medicare or Medicaid. The FCA provides for treble damages, and thus the Government seeks joint and several damages against Jody Stevens and Edward Bailey in the amount of $863,769, the treble of $287,923.

In the responses of Mr. Bailey and Mrs. Stevens, liability under the FCA is not disputed. Only the matter of damages is disputed. Comparing the arguments of the

Government and the Defendants, the Court does not find any material dispute. In the responses, Mr. Bailey and Mrs. Stevens submit that there are disputes about claims for phantom treatment billings relating to Mr. Bailey. But the United States's reply makes clear that it seeks summary judgment only for the government loss relating to CPT Code 95937 billings. The total is found by adding the federal Medicare and Medicaid loss of $239,589.40, to the Kentucky share of Medicaid loss of $48,333.60, totaling $287,923.00. There is no real dispute as to the liability of Mrs. Stevens and Edward Bailey under the FCA claims, and the total damages are calculated to be $287,923.00. Summary judgment is properly granted to the United States against Jody Stevens and Edward Bailey, jointly and severally in the amount of $863,769.00.

### C. Judith Bailey–Unjust Enrichment

For an unjust enrichment claim to be viable, the plaintiff must show the following elements: (1) "a benefit conferred upon the defendant at the plaintiff's expense;" (2) a resulting appreciation of the benefit by the defendant; and (3) an inequitable retention of the benefit without payment for its value. <u>Guarantee Elec. Co. v. Big Rivers Elec. Corp.</u>, 669 F.Supp. 1371, 1380-81 (W.D. Ky. 1987). Unjust enrichment is a claim that lies in equity. When a plaintiff "has an adequate remedy at law, equity will not consider a claim for unjust enrichment." <u>Taylor Woodrow Blitman Const. Corp., v. Southfield Gardens Co.</u>, 534 F.Supp.340, 347 (D.C. Mass. 1982).

The United States asserts unjust enrichment claims against all the Defendants, but it only seeks summary judgment on this claim against Judith Bailey. The Government states

that it is willing to forgo its unjust enrichment claims against the other Defendants if summary judgment is granted in its favor on the FCA claims, which the Court has done. Therefore, the unjust enrichment claims asserted against Dr. Stevens, Jody Stevens, Logan Pain Management Center, Inc. and Edward Bailey are **dismissed.**

Judith Bailey asks the Court to dismiss the unjust enrichment claim against her because the government has an adequate remedy at law. At this stage of the litigation, since the FCA claim against Ms. Bailey has not been fully litigated, it would be premature to dismiss the alternative unjust enrichment claim. Thus, the government's motion for summary judgment and Judith Bailey's motion to dismiss the equitable unjust enrichment claim are **denied**.

## IV. Conclusion

For the reasons contained herein, Partial Summary Judgment is **GRANTED** to the Plaintiff on the False Claims Act counts against Defendants Michael P Stevens, M.D., Jody Stevens, Edward Bailey and the Logan Pain Management Center, Inc. [DN 54]. All other requests for Summary Judgment are **DENIED** [DN 54]. Oral argument is unnecessary and the request for same is **DENIED** [DN 71]. Judith Bailey's Motion to Dismiss is **DENIED** [DN59].

cc: counsel of record